Case No. 17-250, Oroville, New Brunswick, Chicago Terminal Railroad Company Good morning, Your Honors. Good morning. George Bass on behalf of the Appellant Counsel. I understand, Your Honors, we're served with a letter this morning, and I'd like to voice an objection to that. We've got a copy of the letter that counsel for the epileague delivered to the court this morning. I didn't receive it. I didn't receive it. At least I haven't seen it. Did you get one? No. No. I have letters that I wanted to provide you with. Okay, so he has not done it yet. It's my understanding they were filed with the clerk to address the court on an issue that he thought was important. I want to voice right off the bat our objections to that, two bases. Number one. Why don't we just consider it after we see the letter? Okay. Because we don't even know if we'll accept the letter, and you're going to argue something and take up your time. Thank you, Your Honor. Okay. My clients own this property pursuant to the terms of a corrective deed that was issued by the bankruptcy court when the railroads originally went through bankruptcy reorganization in the 70s. That deed has an easement that gives the railroad the right to operate over this land conditionally. Can I interrupt you for just one second? Yes, ma'am. Because we are familiar with the facts. We've read them. I do have one question, though, that's important to me before we start, and that question is what is the status of the Alloy petition before the STB? Your Honor, we were going to raise that as part of our objection, but it's our understanding. Ah, okay. Is that what the letter was about? Partially. It was actually incomplete. The letter that he has was incomplete. The fact of the matter is that Alloy actually and the railroad. You need to speak into that because it's important. Yes. All right. I didn't know it was active. Alloy and the railroad, Alloy filed an abandonment petition for property debts upstream from ours. This line actually. I know it's north of yours. There's only one way to get to the Fitzroy's because the other end, that ends in Goose Island. Alloy filed for abandonment. I just learned yesterday that the railroad has acknowledged and has agreed to the abandonment petition of Alloy before the STB, so whatever issues they may have had for preemption regarding the abandonment issue should be off the table. Part of that is now that what's also happening, and that's why they filed a letter, apparently the city is seeking to have this line declared part of a trail, which looks like from the city plans is an extension of a 606 trail, but our point still remains that nobody has the right to do anything with that land because now that the easement has been extinguished because of the non-use, our client owns that property in fee simple. Can I, again then, regardless of what the city is seeking to do, and we don't have that before us, are you agreeing that Alloy and the railroad company have agreed to an abandonment? Is that what you're saying? I have copies of the petitions that were filed, and the railroad has acknowledged that they are no longer contesting the abandonment petition of Alloy. All right. And that's now a matter of public record. I have copies, if Your Honor wants to see them. Does that really impact the issue before us? We're to decide whether the stay was properly entered. Indirectly it does, because apparently the court was concerned about the proceedings with the STB and suggested that the matter should be stayed pending that. We are challenging the basis for that stay, and that's why we're here. So if there is no longer a, I don't know what the trial court will do at the next status hearing based on this information, but our point still is that a stay of the proceedings, the way it went down, was improper, and that this matter should go back with the directions to proceed to a hearing on the merits. Let me ask you, this is all recent, the things that have happened with the board. When did this all happen? The filing, the joint filing of Alloy and the railroad were filed on January 16th. And is there anything pending in the circuit court based on that filing? No. What's pending before the court is our original petition. Nobody went in to lift the stand? We just filed that about yesterday. Okay. And so we have not done that yet, Your Honor. We certainly intend to do that. Now the next status hearing is March 6th. It could probably be tomorrow. You could advance it and we wouldn't have to hear an argument today. Perhaps, but we are here. Okay. We were not aware of the filing until yesterday when we got the letter from counsel and we did some investigation, which also was part of the problem before the court. Really, there was no petition for the stay. Two days before the hearing, counsel served the court with a letter suggesting a stay based on what was filed before the STB. The court then stayed the proceedings, but there was never a formal motion or a formal hearing for the stay before the trial court. And that's why we sought the petition that we did before this court regarding the exercise of that stay. Our point simply is that the court put narrowing down, to Your Honor's point about the stay, that the court did really not follow the standards that are required for a stay. And rather than having a full hearing on the merits, deciding the likelihood of success of the merits, going through all of the standards that are set forth in case law regarding what should be done for a stay, nothing was done. She just, the matter was up for ruling on the motion to dismiss the matter for preemption. It was up for hearing on the preemption motion. She stayed the proceedings without a formal hearing. But I want to, the entire concept of preemption is really a red herring. I want the court to really understand what the issue is regarding the easement. That easement is conditional. It had to, excuse me, in order to keep the easement. Is there water? I have it, but thank you, Your Honor. It's one of those problems of getting old. I have it myself. Okay. We have someone to come. Thank you, counsel. The preemption is really a red herring. This easement controls the relationship of the parties.  which is a contract between the parties, specifically states, and we pointed it out on page four of our brief, we quote it from the corrective deed, it says, Sue shall, not may or anything else, Sue shall at its sole expense promptly remove its tracts when the easement has expired. They've acknowledged this repeatedly that their easement has expired. All of these things are delays and red herrings to delay their use of the property, or impede our use of the property, our free, simple use of the property. We saw, now it's a good idea. This issue started when the case started, when the easement expired, we notified them in writing, and then we put up a fence surrounding that property, which they came by and tore down. Counsel, wasn't there an argument that the easement had not expired because they were continuing to use it in the fashion which they... We've never had a hearing on the merits regarding that. I mean, it was going over the Chicago River there, their argument was. That was their argument. The fact of the matter is, though, that there was no commercial use. They had no customers on the other side of the river downstream from us. No customers. They haven't had customers there in a long time. What they were doing is to justify their use of the railroad was taking cars and literally taking them from another location, moving them across the river, putting them on the line, and storing them. And that storage is specifically mentioned in the corrective deed, saying they can't store cars there. So it was a pretext for them saying that they were using it for commercial purposes. They haven't been. They have not serviced any customers. They're required to file filings regarding which customers they service. They never filed anything because they haven't had any customers to service. Was the court in error in staying the action that you want and waiting for the abandonment issue to be resolved? We believe so, Your Honor. As the court specifically used my analogy in the ruling, there are two tracks, if you will, that are required to operate a railroad. They need a licensed operator railroad with the STB, which is the successor to the Interstate Commerce Commission, which when we went to law school was the Interstate Commerce Commission. And they also need a property right to operate it. They have to have two of those. Our point is that their rights to use of the land have lapsed. Therefore, there is no property for them to operate on. So therefore, the proceedings before the STB are a mere formality. As a matter of fact, the corrective deed again takes that into consideration and says when they stop using it, they have to execute all documents and do whatever is necessary to have their use of the railroad extinguished on that property. It specifically says this. It does. When you say that, that makes me think. I read it, but I really didn't think about it until you said it. If the onus is on them to extinguish their rights before the STB, it sounds like they have to do it before you get your right to get them to pull up the tracks and move the material off of your property. I don't believe so, Your Honor. If the court declares and decides that the easement is gone, then the next step would be for them to file the necessary papers. They haven't done that. The court can order them to do that because that's what they're required to do under the contract. The purpose of our proceedings there is to enforce in a state court our state rights and property rights. We've never had a full hearing on the matter. We filed this matter after it was dismissed in the federal court. We filed it here in state court asking for relief under the contract. The court ordered a TRO. They then filed an answer to the complaint, but instead of responding and proceeding to preliminary injunction, they filed a motion to dismiss based on preemption grounds. We have never had a full hearing on the merits. We've never had a full hearing on preliminary injunction. But nothing that's been done prevents that hearing. No, we don't believe that anything that's been done before the STD prevents that. Well, nothing that the circuit court did prevents that hearing. Except the state. Except the state. But it's not a preclusion. It's just, let's see what happens before the board. But in the meantime, we are being denied the use of our property. And then, and I hate to interrupt you again, but if there's an acknowledgment by the railroad before STD that they have abandoned that line, doesn't that include your property, I'm sorry, part of the property? So this state is going to be released and you're going to have the hearing that you're asking for. I would think so, but that's not where we were at six months ago. I know. So now we are, yes, the landscape has changed. Yes. And we will have to deal with that. But still, what we're asking the court to do is to just direct the court to remove the state so that we can proceed to a hearing on the matter. And it's just merely an exercise of our rights. And as we pointed out in our reply, there's a practical side to this. This property is part of a larger development that comes in the newspapers all the time, and it's one of the possible sites for an Amazon relocation. With this railroad line over our property, it really prevents us from doing what we want to do with that land. Our client was one of the real developers of this entire area and brought this land, understanding the changing nature of the property, and didn't really take a chance. He took a calculated risk on investing a significant amount of money on this property because he knew it was a part of a larger track. He's being denied the use of that because the railroad's now doing everything they can to interfere with that for their own practical purposes. They're trying to feather their nest a little bit on this property, but they've lost their rights to the property. All we have been seeking from day one is a ruling that they have lost their property rights under the terms of the corrective deed. Counsel, do you want to reserve some time for rebuttal? I certainly would, Your Honor. Thank you. Your Honor, may I personally provide the copy of this letter that I intended to deliver earlier today or yesterday? I'll certainly take copies. That doesn't mean we're going to consider it after. I have three copies. Yeah, you can give a copy to everyone else. Well, it doesn't mean we're going to consider it. It's relevant to this. Excuse me, did you file this? I did not file it. You can't present documents to the court while this is in session. You need to file a document. Okay. We were misinformed. I thought you had filed it with the clerk's office already. No, yesterday the court was closed. Please identify yourself. All right. Good morning, Your Honor. My name is David Bichot. I represent the Defendant Appellate Chicago Terminal Railroad. I'm sorry, I didn't get your last name. Michelle, M-I-C-H-A-U-D. Thank you. I represent the Defendant Appellate Chicago Terminal Railroad Company and Iowa Pacific Holdings LLC. I'm also the in-house general counsel for Iowa Pacific Holdings LLC. Counsel, keep your voice up, please. Yes. May it please the court, the letter that I wanted to deliver to the court was notice of a filing. We can't have you discuss something that hasn't been filed. Just last week the city of Chicago filed a railroad case called a- Is it relevant to whether or not the court properly entered this state? Yes. It filed a request of the city of Chicago for interim trail use pursuant to 49 CFR. And the key word here is interim. This is a filing that's done under the National Trail System Act, which would essentially convert the rail corridor into a trail for the city of Chicago. There's clear case law that when a rail corridor gets converted into a trail under that act, that it's an interim- Are you discussing a case that has just been filed, but that was not part of the breach? It's a recent file that happened on February 14th in the pending outlawed abandonment case. Is it in this case? No. As the case, but then the rules would not allow me to address this. Okay. The point here, well, the point I'm trying to make is that the stay was appropriate because the SCB has never relinquished its jurisdiction over the line. And the plaintiff's case could not even proceed because the SCB has primary jurisdiction over the line. It's not just preemption. It's the SCB's jurisdiction. And until the SCB relinquishes its jurisdiction, then the railroad has to stay in place. And, in fact, there's not just the rights of the railroad to operate the railroad, but there's a common carrier obligation to continue to operate the railroad until the regulatory proceeding has concluded and the SCB has relinquished its authority. So you're saying that even though there's been a resolution of the abandonment issue possibly in the alloy action, there is now another reason why the board may still be considering the issue because of the city's filing? Correct. Once it gets converted into a trail, again, the word is interim, the reason the word is interim is because there's a potential for a reversion of it going back to a railroad. So while it's a trail, the SCB retains its jurisdiction, and it's considered to still be railroad usage. And so the SCB will very likely, in light of this filing, never relinquish its jurisdiction over the line. And so the lower court's stay was in the interest of preserving judicial economy, and the plaintiff's case may never be able to proceed. So we won't address that issue. The two statutes that are relevant to the underlying case, 49 U.S.C. 10501, which is the express preemption clause, which contains the express preemption clause, and it provides that the remedies under the ICCTA are exclusive, the ICCTA being the Interstate Commerce Commission Termination Act of 1995, and also that they preempt all of the remedies under federal or state law. The remedies that Burgoyne was seeking in the underlying case were not available to them under the ICCTA, and therefore they were federally preempted. The second ICCTA statute is 49 U.S.C. 10903, which explains that the only way that an abandonment can conclude, or the only way that the SCB would grant an abandonment, is to make a finding that the present or future public convenience and necessity require or permit the abandonment or discontinuance. And that finding was never made, and that is why the state property claims could not proceed. Railroad easement is not like a regular easement. It has special protections. Railroads are part of this nation's national transportation infrastructure. They connect shippers from states to states. They connect shippers and receivers from the U.S. to Canada and to Mexico, so they are afforded special protections. And the plaintiff may have purchased this property with the idea that at some point it would, if it stopped being used, it would just be simply converted into, you know, fee simple, but it's not our fault if the attorneys in that purchase didn't properly apprise them of the risks in buying railroad property. Railroad property is not like regular property. So while I can understand their frustration, we can't change what the laws are on this. State orders are law within the wide latitude of the trial court's discretion. The basis for overturning state order is an abuse of discretion, and the trial court's ruling here was based on preserving the judicial economy, and it was also a ruling on the merits in that the court found that preemption, that the requested relief of the plaintiff would put the court in a position of regulating railroad transportation. You're saying that by granting a stay under the court's authority to control its own docket, that it made a ruling on the merits? It made a, the court's specific ruling that, the language from the ruling that I would like to quote, is that plaintiff has asked the court, among other things, for an order for defendant to pull off the tracks, and if I decided that, I would be in a position of regulating rail transportation, which I can't do under section 105.01. And that was the heart of our argument, which is that preemption applied to prohibit their case from going forward. So, yes, there was a ruling on the merits in that. And then the preservation of judicial economy is that their claims may never go forward if the STB never relinquishes its jurisdiction over the line. The relief that the plaintiff was asking for in the underlying case is key here, because what they were asking for was a four-count complaint, and each complaint in one way or another, each claim in one way or another, would have made it either illegal or impossible for the railroad to continue operating. They were asking for an injunction to prevent, to make it a violation of a court order, if the railroad representatives were to appear on their property. If the railroad representatives had federal authority to operate their railroad on the property, but then there's this state law that basically would create a trespass, you have a conflict between federal and state law. And when there's a conflict between federal and state law, preemption applies and federal law prevails. The other point I want to make is that the plaintiff is saying that the stay was inappropriate because they didn't get fully briefed, but the party's arguments were very well-developed at the time that the stay was issued. There was two TRO motions that were considered. The plaintiff had filed his complaint, which contained a significant factual pattern, and then the defendants had filed their counterclaims, which also contained factual patterns. This was not some rash decision by the trial court. There was a significant development of the arguments by the parties, and the court appropriately considered those previous filings. My final point is that the requested relief would create a conflict between federal and state law. Thank you. Thank you, counsel. Thank you. Rebuttal, please. I think there's a strong exception to certain things that counsel said. First of all, the statutes that he just referenced are not referenced in his brief. He cited them for the first time before you. They are not in the brief. Second of all, we include the entire transcript of what Judge McPherson said on the date she ordered the stay. There is nothing in that. We have it on page 11 of our brief. Nothing in there is an order. It's just a stay. In fact, what counsel has done and is continuing to do is ignoring the fact that there is a contract between the parties that they now have to honor because that is the only rights they have to their property. The contract clearly says that if you don't use the line for commercial purposes to operate a railroad, your rights to use that easement have ceased. They can't address that because they stopped doing it. In fact, counsel in a letter to us as part of the record acknowledged that they haven't been using it. I'm going to ask. I might not have understood something that you said in your initial argument. You think that the better thing to have done was to have the court to have decided the contract issues and then it would go to the board? Yes. And so what is the inefficiency, if you will, by doing it the other way? Right now we're wasting time with letting them argue what's going on before the STB. Even though that time would have been spent at the other end? Should you have prevailed on the state plan? Your Honor, under the terms of the corrective deed, if the easement has expired, the railroad has the obligation under the terms of the easement that they have to remove the lines. They have to take certain steps. They're doing all of this to avoid their mandatory obligations under the terms of the contract, which explicitly set forth the rights of the parties. They have an easement, provided they use it. If they don't use it and we notify them in writing, their easement has ended. When that happens, the deed says, you shall do these things. That they have to execute anything. The appropriate thing that they should be doing now, and what we're asking the trial court to do, is to order the railroad to file the document necessary with the STB, saying that they are no longer operating a railroad, basically acknowledging that they are not doing it, thereby lifting up the second rail of my argument. And that is, if there is, we can't, none of us can deal with that right. The STB has to deal with their license to operate that. This preemption argument is again a red herring. The cases that they cite, and what he does, ignores what the Fosfate case says, what the Riedemeyer case says, and that is that it's the courts, our courts, the state courts, that have the right to deal with the contract issues with the property rights, not the STB. The STB has flat out said in their rulings that they're not there to deal with property rights. So why should we continue to waste time waiting for the STB to do something, whatever it might be, when the only appropriate remedy for us right now is to have a trial court, after a hearing, and after deciding it, the contracts explicitly states they have to take steps to do something. Not us, not anybody else. The court can direct them to do that. They have been, will be under a mandate by the court to do what they should do under this V. It's clear. All of this, the preemption argument, again, makes no sense under what the law says. Okay. It's kind of strange because it can, it seems it can go either way. Either you can start, I mean your argument is they should start with the trial court with the property matters, but then they still have to go before STB. But if there before, if the judge wanted the STB claim to be done first, what is the problem with her, wait, wait, what is the problem with her allowing the state? Because if the alloy, a petition, says the whole line has been abandoned, then it clears the way for you to go ahead with your property right claims. That's what it seems like. So we accept that we have, there's nothing that should be going on before the STB, other than ruling a formality, if you would, a rubber stamp, on the fact that they are no longer operating a railroad. But that's not, they don't just say they're no longer operating the railroad from my recollection of it. It's, is it basically for the public, for the best thing for the public to do, to allow them to stop operating. Even if they decide that we don't want to do it anymore, the STB can say too bad, you still have to do it for the public. Except, no, that's not entirely correct. You're assuming that that's what they might do. No, I'm saying they have the right to do that. They could, but then there would be a taking of property. Yes. And that, okay, but the first step in all of this is, no matter what happens before the STB, if they have no property rights, they have no business doing anything before the STB. If they have no property rights, they can't do anything, because they still have, the STB would have to still sit back and say, give some rights to that property. My client is being denied the use of his property as we stand here right now. And that has been the point of our, about all this litigation. And everything that happens right now is a delay of our property rights. It's, they're doing that to try to somehow get some value out of this thing. But their argument assumes that, that that issue has been decided on the merits. That you have the property rights, and they don't. They can't, that's exactly right, because the deed explicitly says what their rights are. We, this agreement in this relationship is governed by the deed. Nothing else, other than the fact that they have a, that they had a license, they had a license to operate a railroad. They now acknowledge that that's been abandoned, if we're going to take judicial notice of that. I have copies of the filings before the STB that acknowledges that. But the point still is that they are raising arguments that clearly, the case law clearly indicates they cannot do. They have no rights if they have no property rights. That's, again, they have two tracks. One track says property, one says license. If they have no property rights, they can't operate a railroad. They have no business before the STB. So going back to Your Honor's point about that is, yes, we believe that the trial court should be addressing the property rights issues and addressing it directly in the trial court now. Because if that happens, then there's only one thing that should be done before the STB, and that is end their license. Not anything else. Thank you, counsel. Thank you, Your Honor. This matter will be taken under advisement.